RODNEY B. SORENSEN, Bar No. 196926
LEILA NARVID, Bar No. 229402
E-Mail: *rbs@paynefears.com; ln@paynefears.com*
PAYNE & FEARS LLP
Attorneys at Law
One Embarcadero Center, Suite 2300
San Francisco, CA 94111
Telephone: (415) 398-7860
Facsimile: (415) 398-7863

E-filing

Attorneys for Defendant
ADKNOWLEDGE, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO / OAKLAND DIVISION

MARK ELLIOTT,

    Plaintiff,

v.

ADKNOWLEDGE, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

    Defendant.

CASE NO. 10 1495

(San Francisco County Superior Court Case No. CGC-10-497562)

**PETITION AND NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF MARK ELLIOTT AND HIS ATTORNEY OF RECORD, PHIL HOROWITZ:

PLEASE TAKE NOTICE that Defendant ADKNOWLEDGE, INC. ("Defendant") hereby removes this action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California. This removal is based on diversity of citizenship, pursuant to 28 U.S.C. sections 1332 and 1441(a) and (b), for the reasons stated below:

1.     On or about March 8, 2010, plaintiff Mark Elliott ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of San Francisco entitled: "*Mark Elliott v. Adknowledge, Inc., a Delaware corporation; and DOES 1 through 50, inclusive,*"

1  designated as Case No. CGC-10-497562 (the "Complaint"). The Complaint alleges the following
2  six purported causes of action: (1) breach of oral and written contract to pay commissions;
3  (2) breach of the covenant of good faith and fair dealing; (3) violation of California Labor Code
4  §§ 201 *et seq.*; (4) promissory fraud; (5) discharge and retaliation for opposing failure to pay
5  wages earned; and (6) discharge because of age in violation of the Fair Employment and Housing
6  Act. A copy of the Complaint is attached as Exhibit A to the Declaration of Rodney B. Sorensen
7  ("Sorensen Decl."), filed with these removal papers.

8      2.    Defendant was served with the Complaint on March 9, 2010. Defendants Does 1
9  through 50 are unnamed and unknown, and, therefore, to Defendant's knowledge, have not been
10 served with Plaintiff's Summons and Complaint. Defendant has been served with no other
11 process, pleadings or orders in this action.

12     3.    Defendant filed and served its Answer to the Complaint (the "Answer") on April 7,
13 2010. (*See* Sorensen Decl. ¶ 3.) A copy of the Answer is attached as Exhibit B to the Sorensen
14 Declaration.

15     4.    In accordance with 28 U.S.C. section 1446(d), Defendant will, promptly after filing
16 this Notice of Removal (the "Notice"), give written notice of the filing of the Notice to Plaintiff
17 and the Clerk of the San Francisco County Superior Court. Copies of those notices are attached as
18 Exhibits C and D, respectively, to the Sorensen Declaration. Proof of service of the Notice to
19 Superior Court Clerk of Removal and of the Notice to Adverse Party of Removal will be filed with
20 this Court promptly thereafter. (*See* Sorensen Decl. ¶ 4.)

21     **I.**

22     **REMOVAL IS BASED ON DIVERSITY JURISDICTION**

23     5.    The Complaint, and each alleged cause of action contained therein, may be
24 properly removed on the basis of diversity of citizenship jurisdiction, in that it is a civil action
25 between citizens of different states and the matter in controversy exceeds the sum of $75,000,
26 exclusive of interest and costs. 28 U.S.C. § 1332.

27     6.    Defendant is informed and believes, and on that basis alleges, that Plaintiff is now,
28 and was at the time this action was commenced, a citizen of the State of California within the

PETITION AND NOTICE OF REMOVAL     Case No. _____

meaning of 28 U.S.C. section 1332(a) because his place of residence and domicile are and were within the State of California. (*See* Complaint, ¶ 1.)

    (a)    The presence of the Doe defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For the purposes of removal under this Chapter, the citizenship of defendants sued under a fictitious name shall be disregarded.").

    (b)    Defendant is now, and was at the time this action was commenced, a citizen of the States of Delaware and Missouri within the meaning of 28 U.S.C. section 1332, because it is now, and was at all material times, organized under the laws of the State of Delaware and it maintains, and at all material times has maintained, its principal place of business, including its corporate headquarters, in the State of Missouri. (*See* Sorensen Decl. ¶ 5.)

7. The Complaint seeks an unspecified amount of compensatory, general, special and punitive damages, prejudgment interest and attorneys' fees in connection with the causes of action set forth in the Complaint. (*See* Complaint, prayer for relief.) Plaintiff's failure to specify in her Complaint the amount of damages she seeks, however, does not deprive this Court of jurisdiction. *See White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove a suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy, if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim."). In determining whether a complaint meets the $75,000 threshold of 28 U.S.C. section 1332(a), a court may consider the aggregate value of claims for compensatory and punitive damages, as well as attorneys' fees. *See, e.g., Bell v. Preferred Life Ass. Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.") (footnote omitted); *Goldberg v. CPC Int 7, Inc.*, 678 F. 2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amount). Based on the nature of the allegations and the damages sought, Plaintiff has placed in controversy an amount exceeding $75,000, exclusive of costs and interests.

8. Because Plaintiff and Defendant are citizens of different states, there is complete diversity between the parties. Further, because there is complete diversity and because the amount

3

PETITION AND NOTICE OF REMOVAL           Case No. _____

in controversy threshold is met, the requirements for removal under 28 U.S.C. sections 1332 and 1441(a) are satisfied.

## II.

## INTRADISTRICT ASSIGNMENT

9. Assignment to the San Francisco/Oakland Division is proper because the state action filed by Plaintiff is pending in the Superior Court of the County of San Francisco. 28 U.S.C. § 1446(a); Northern District L.R. 3-2(e).

WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of the State of California for the County of San Francisco to this Court.

DATED: April 7, 2010        PAYNE & FEARS LLP

By: /s/ Rodney B. Sorensen
RODNEY B. SORENSEN

Attorneys for Defendant
ADKNOWLEDGE, INC.

4816-2608-8453.1