1   RODNEY B. SORENSEN, Bar No. 196926
     LEILA NARVID, Bar No. 229402
2   E-Mail: rbs@paynefears.com; ln@paynefears.com
     PAYNE & FEARS LLP
3   Attorneys at Law
     One Embarcadero Center, Suite 2300
4   San Francisco, CA 94111
     Telephone: (415) 398-7860
5   Facsimile: (415) 398-7863

6   Attorneys for Defendant
     ADKNOWLEDGE, INC.

7

8                  **UNITED STATES DISTRICT COURT**

9          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10            **SAN FRANCISCO / OAKLAND DIVISION**

11   MARK ELLIOTT,              CASE NO. CV 10 1495

12         Plaintiff,        (San Francisco County Superior Court
                         Case No. CGC-10-497562)
13       v.

14   ADKNOWLEDGE, INC., a Delaware   **DECLARATION OF RODNEY B.**
     corporation; and DOES 1 through 50,   **SORENSEN IN SUPPORT OF PETITION**
15   inclusive,                    **AND NOTICE OF REMOVAL**

16         Defendant.

17

18       I, Rodney B. Sorensen, declare as follows:

19       1.    I am an attorney licensed by the Bar of the State of California, and I am admitted to

20   practice before this Court. I am a partner with the law firm of Payne & Fears LLP, counsel of

21   record for Defendant ADKNOWLEDGE, INC. ("Defendant"), and I am one of the attorneys

22   responsible for the defense of this action. I have personal knowledge of the facts set forth in this

23   Declaration, and if called to testify under oath, could and would testify thereto.

24       2.    On or about March 8, 2010, plaintiff Mark Elliott ("Plaintiff") filed a Complaint in

25   the Superior Court of the State of California for the County of San Francisco entitled: "*Mark*

26   *Elliott v. Adknowledge, Inc., a Delaware corporation; and Does 1-50, inclusive*" designated as

27   Case No. CGC-10-497562 (the "Complaint"). True and correct copies of the Summons,

28   Complaint, Civil Case Cover Sheet, and Notice to Plaintiff are attached hereto as Exhibit A.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

DECLARATION OF RODNEY B. SORENSEN IN SUPPORT OF
PETITION AND NOTICE OF REMOVAL              Case No. _____



1   Defendant has been served with no other process, pleadings or orders in this action. Defendant

2   was served with the Complaint on March 9, 2010.

3        3.     Defendant filed and served its Answer to the Complaint (the "Answer") on April 7,

4   2010. A copy of the Answer is attached hereto as Exhibit B.

5        4.     True and correct copies of Defendant's Notice to Adverse Party of Removal and

6   Notice to Superior Court Clerk of Removal in this action that will be given to Plaintiff and the

7   Clerk of the San Francisco County Superior Court are attached hereto as Exhibits C and D,

8   respectively. Proof of service of those Notices will be filed with this Court shortly thereafter.

9        5.     I am informed and believe that Defendant is and has been at all material times a

10   citizen of the States of Delaware and Missouri within the meaning of 28 U.S.C. section 1332,

11   because it is now, and was at the time this action commenced, organized under the laws of the

12   State of Delaware and, it now has, and has had, its principal place of business, including its

13   corporate headquarters, in the State of Missouri; Defendant is not a citizen of California.

14        I declare under penalty of perjury under the laws of the State of California and the United

15   States of America that the foregoing is true and correct.

16        Executed this ___7___ day of April, 2010 at San Francisco, California.

17

18        By:_____

19                     RODNEY B. SORENSEN

20   4825-4870-5541.1

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

2

**Exhibit "A" to**
**Declaration of Rodney B. Sorensen**
**in Support of Petition and Notice of Removal**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Adknowledge, Inc., a Delaware corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Mark Elliott

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Francisco Superior Court<br>400 McAllister Street, San Francisco, CA 94102 | **CASE NUMBER:**<br>*(Número del Caso):*<br>CGC-10-497562 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Phil Horowitz, L/O Phil Horowitz, One Market Plaza, Steuart Tower, Suite 2630, San Francisco, CA 94105

**CLERK OF THE COURT**

DATE: MAR -8 2010
*(Fecha)*

Clerk, by _____ , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Adknowledge, Inc.

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):* 3/9/10

**BY FAX**

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

**EXHIBIT A**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Phil Horowitz, State Bar No. 111624<br>Law Offices of Phil Horowitz<br>One Market Plaza; Steuart Tower, Suite 2630<br>San Francisco, CA 94105<br>TELEPHONE NO.: (415) 391-0111  FAX NO.: (415) 391-0123<br>ATTORNEY FOR (Name): Mark Elliott | **ENDORSED**<br>**F I L E D**<br>San Francisco County Superior Court<br>MAR - 8 2010<br>CLERK OF THE COURT<br>ELIAS BUTT<br>BY: _____ Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME:
Mark Elliott v. Adknowledge, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CGC-10-497562<br>JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought (check all that apply):
   a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): six (6)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 8, 2010
Phil Horowitz
**(TYPE OR PRINT NAME)**          ▶ _____ **(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)**

*BY FAX*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

1 │ Phil Horowitz (State Bar #111624)
2 │ Moira McQuaid (State Bar #154232)
   │ Law Offices of Phil Horowitz
   │ One Market Plaza
3 │ Steuart Tower, Suite 2630
   │ San Francisco, California 94105
4 │ Telephone:  (415) 391-0111
   │ Facsimile:  (415) 391-0123
5 │ E-mail:  phil@creative.net

6 │ Attorneys for Plaintiff
   │ Mark Elliott
7 │

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

MAR - 8 2010

CLERK OF THE COURT
BY: ELIAS BUTT Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

AUG - 6 2010 - 9ᵃᵐ AM

DEPARTMENT 212

8 │
9 │                SUPERIOR COURT OF THE STATE OF CALIFORNIA
10 │            IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO
11 │                        UNLIMITED JURISDICTION
12 │

13 │ MARK ELLIOTT,                    )   Case No.  CGC-10-497562
14 │                Plaintiff,        )   COMPLAINT FOR DAMAGES FOR:
15 │        v.                        )
                                      )   (1)  BREACH OF ORAL AND
16 │ ADKNOWLEDGE, INC., a Delaware    )        WRITTEN CONTRACT TO
   │ corporation; and DOES 1 through  )        PAY COMMISSIONS;
17 │ 50, inclusive,                   )   (2)  BREACH OF THE COVENANT OF
   │                                  )        GOOD FAITH & FAIR DEALING;
18 │                Defendants.       )   (3)  VIOLATION OF CALIFORNIA
   │                                  )        LABOR CODE §§ 201 et seq.;
19 │                                  )   (4)  PROMISSORY FRAUD;
   │                                  )   (5)  DISCHARGE AND RETALIATION
20 │                                  )        FOR OPPOSING FAILURE TO
   │                                  )        PAY WAGES EARNED; AND
21 │                                  )   (6)  DISCHARGE BECAUSE OF AGE
   │                                  )        IN VIOLATION OF FEHA
22 │ _____  )
   │                                      **JURY TRIAL DEMANDED**
23 │
24 │                                      **BY FAX**
25 │        Plaintiff MARK ELLIOTT complains against defendants, and each of them,
26 │ demands a trial by jury of all issues except costs and attorneys' fees, and for
27 │ causes of action alleges:
28 │ ///

- 1 -
Complaint For Damages

## FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

1.     Plaintiff Mark Elliott was employed by defendant Adknowledge, Inc. from about May 22, 2006 to about December 12, 2008. During that time and since, Mr. Elliott has been a citizen of the State of California.

2.     During the period of his employment with defendant Adknowledge, Inc., Mark Elliott worked in the City and County of San Francisco. But for his discharge from that employment, Mr. Elliott would have continued to work for defendant Adknowledge, Inc. in the City and County of San Francisco.

3.     Defendant Adknowledge, Inc. is a corporation doing business in the State of California, including in the City and County of San Francisco. Defendants Adknowledge, Inc. and DOES 1 through 10 are at times referred to collectively in this Complaint as "defendant Adknowledge" or as "Adknowledge".

4.     The true names and capacities of defendants sued as Does are unknown to Plaintiff. Plaintiff is informed and believes that each of the Doe defendants was responsible in some way for the occurrences and injuries alleged in this complaint.

5.     Plaintiff is informed and believes that in doing the things alleged in this complaint, each defendant was acting as an agent or employee of every other defendant, was acting within the course and scope of this agency or employment, and was acting with the consent, permission, and authorization of each of the remaining defendants.   Plaintiff is also informed and believes that all actions of each defendant alleged in this complaint were ratified and approved by the officers or managing agents of every other defendant.

6.     On about May 15, 2006, defendant Adknowledge offered Mark Elliott employment in the position of Account Executive, which is a job whose responsibility is to sell Adknowledge's services.   Adknowledge is an advertising firm that utilizes predictive technology to connect advertisers with consumers across multiple channels, including email, search and social networks.

7.   In its May 15, 2006 offer letter, defendant Adknowledge promised to pay Mr. Elliott an annual salary of $65,000 per year, which was to be paid over the course of a year, twice a month, in 24 payments.

8.   In its May 15, 2006 offer letter, defendant Adknowledge also promised Mark Elliott that he would be eligible for commissions pursuant to a regular commission plan after Mr. Elliott successfully completed two months of employment.

9.   Mr. Elliott accepted the offer of employment as an Account Executive from defendant Adknowledge and began employment on about May 22, 2006.

10.   As an Account Executive, Mark Elliott's responsibility was to market and sell Adknowledge's services.  After Mr. Elliott sold Adknowledge's services to a new account, or to a new client of a search engine marketing agency account, his work regarding that sale was completed.  After Mr. Elliott made a sale, Account Managers employed by Adknowledge and other people other than Mr. Elliott performed the remaining work on behalf of Adknowledge regarding that account.

11.   At all times during his employment with defendant Adknowledge, Mark Elliott's job performance was satisfactory and, indeed, excellent.

12.   Throughout his employment, Mr. Elliott consistently met and exceeded every goal set for him for sales revenue.

13.   Mark Elliott was paid a $2,000 bonus each month for the first two months of his employment because he exceeded his initial sales goals and objectives.

14.   After successfully completing the first two months of his employment, Mr. Elliott became eligible to earn commissions based on his sales.

15.   Mark Elliott worked hard to sell defendant Adknowledge's services. Through his hard work, Mr. Elliott became by far the highest-selling Account Executive of Adknowledge.  Indeed, the dollar amount of Mr. Elliott's sales was

1  at times higher than the dollar amount of the sales of all of Adknowledge's other
2  Account Executives combined.

3        16.    In about June 2007, defendant Adknowledge and Mark Elliott
4  bilaterally agreed verbally that Adknowledge would pay Mr. Elliott commissions
5  of 2.5% of all revenue from accounts which Mr. Elliott had sold in the past or
6  which had been assigned to him, and any additional accounts that Mr. Elliott
7  would sell in the future.

8        17.    Defendant Adknowledge paid Mr. Elliott his 2.5% commissions
9  beginning in about June 2007 and continuing through about March 2008 in
10 accordance with the terms of their agreement.

11       18.    In about the first week of March 2008, defendant Adknowledge
12 presented Mr. Elliott with a proposed written agreement that would have
13 eliminated his 2.5% commissions effective April 1, 2008.  The proposed
14 agreement was written in a way that could be construed to eliminate Mr. Elliott's
15 2.5% commissions even on sales he had already made and on which he had
16 already performed all the work that he was supposed to perform.   Defendant
17 Adknowledge asked Mr. Elliott to sign the proposed agreement.

18       19.    Mr. Elliott never signed or otherwise consented to the proposed
19 agreement and never signed anything agreeing to, or otherwise consented to,
20 the elimination of his 2.5% commissions.

21       20.    Instead of signing the proposed agreement or consenting to
22 elimination of his 2.5% commissions, Mark Elliott actively and vigorously
23 opposed the proposed change to his commissions and complained about it,
24 particularly about elimination of his 2.5% commissions on sales Mr. Elliott had
25 already made and on which he had already completed his work.

26       21.    In April 2008, defendant Adknowledge paid Mr. Elliott only half the
27 2.5% commissions to which he was entitled for sales he had made, including
28 sales he made and on which he completed his work before April 1, 2008.

22.    Beginning in May 2008 and continuing through the date of Mr. Elliott's termination and ever since, defendant Adknowledge has failed to pay Mr. Elliott his 2.5% commissions on the revenue generated by the accounts Mr. Elliott sold and on which he completed all of his work before April 1, 2008. Plaintiff is informed and believes this will continue into the future.

23.    Beginning in May 2008 and continuing through the date of Mr. Elliott's termination and ever since, defendant Adknowledge has failed to pay Mr. Elliott his 2.5% commissions on the revenue generated by the accounts Mr. Elliott sold on and after April 1, 2008.   Plaintiff is informed and believes this will continue into the future.

24.    After Mark Elliott actively and vigorously opposed elimination of his 2.5% commissions as to sales he already made as to which no further work by Mr. Elliott was required, defendant Adknowledge retaliated against Mr. Elliott in a number of ways.  Adknowledge ultimately fired Mr. Elliott for supposed poor performance despite the fact that Mr. Elliott was defendant Adknowledge's highest-selling Account Executive.

25.    Eric Sternbach became Mr. Elliott's new supervisor in about February 2008.

26.    Mark Elliott's new supervisor,  Mr. Sternbach, treated Mr. Elliott much worse than Mr. Elliott's substantially younger peers and much worse than Account Representatives who had not vigorously opposed elimination of their 2.5% commissions.  Mark Elliott was one of the only Account Executives who was older than 40.  The overwhelming majority of Adknowledge's Account Executives were in their 20s or early 30s.

27.    Mr. Sternbach made about five visits to the San Francisco office from March 2008 up until the point when Mr. Elliott was terminated.  During these visits, Mr. Sternbach would take the entire San Francisco sales team to lunch.

28. During each of these lunches, Mr. Sternbach carried on lengthy conversations with every other Account Executive at the table other than Mark Elliott. Mr. Sternbach generally ignored Mr. Elliott and failed to include him in the conversations at the table. Mr. Sternbach's shunning of Mr. Elliott was significant because Mr. Elliott produced the largest share of revenue that was generated by the San Francisco sales team, Mr. Elliott had vigorously opposed elimination of his 2.5% commissions, and, based on information and belief, Mr. Elliott was the oldest member of the San Francisco sales team (and the only member over 40).

29. Besides the retaliation by Mr. Sternbach at meetings, defendant Adknowledge also mistreated Mark Elliott and treated him worse than other Account Executives by, among other things, ignoring Mr. Elliott's requests for help, failing at times to even take Mr. Elliott's phone calls, preventing Mr. Elliott from attempting to sell to certain prospective accounts Mr. Elliott had identified, referring to Mr. Elliott as "disgruntled," and asking Mr. Elliott "Do you want to be here?" in reference to his continued employment.

30. In about June 2008, defendant Adknowledge began taking steps to take away Quinstreet, one of Mark Elliott's largest revenue-generating accounts. In this time period, Mr. Elliott noticed that a second Quinstreet account had been created on the Adknowledge system by persons unknown and that the second Quinstreet account was not assigned to Mr. Elliott.

31. Once Mr. Elliott noticed the second entry for Quinstreet on the Adknowledge system in about June 2008, he made it a point to periodically monitor both Quinstreet accounts to see what kind of revenue was being generated and what type of campaigns they were running. Mr. Elliott routinely pulled a report called the "Account Executive Stats" towards the end of the month to see how much revenue was generated by his accounts.

///

32.    On about July 28 or July 29, 2008, Mr. Elliott monitored the Account Executive Stats report and noticed that the total revenue for all of his accounts was on pace with prior months.  The report that Mr. Elliott saw in this period included the revenue generated by the Quinstreet account that was still in his name.

33.    However, when Mr. Elliott pulled another Account Executive Stats report a few days later, on about July 31 or August 1, 2008, he noticed that his total revenue number for July had dropped dramatically.  In looking through the second Account Executive Stats report, Mr. Elliott noticed that his name had been removed by someone from the Quinstreet account.

34.    Besides removing accounts from Mark Elliott's account list, after April 1, 2008 defendant Adknowledge also impeded Mr. Elliott's ability to make sales by limiting the types of customers upon whom he could make sales calls and by requiring Mr. Elliott to obtain prior permission before contacting potential accounts, sometimes rejecting Mr. Elliott's request for permission and instead giving the lead information Mr. Elliott had developed to another Account Executive.

35.    In September 2008, defendant Adknowledge put Mr. Elliott on a written sales performance plan even though Mr. Elliott's accounts generated the most revenue of any Account Executive in the company.  Mr. Elliott's accounts generated the most revenue even though one of his largest accounts, Quinstreet, had been improperly removed from Mr. Elliott's list of accounts.

36.    On about December 12, 2008, defendant Adknowledge fired Mark Elliott unfairly, without good cause, and for no legitimate business reason.  Defendant Adknowledge has not paid Mr. Elliott for any revenues received after Mr. Elliott's termination from accounts Mr. Elliott sold.  Defendant Adknowledge fired Mr. Elliott despite the fact that Mr. Elliott's accounts generated the most revenue of any Account Executive in the company.

## FIRST CAUSE OF ACTION

### Breach of Oral and Written Contract to Pay Commissions

As a first, separate and distinct cause of action, plaintiff Mark Elliott complains against defendants Adknowledge, Inc. and DOES 1 through 10, and each of them, and for a cause of action alleges:

37.     Plaintiff hereby incorporates by reference Paragraphs 1 through 36, inclusive, as though set forth here in full.

38.     Plaintiff Mark Elliott had a written and oral employment agreement with defendant Adknowledge in which the parties bilaterally agreed in writing that Adknowledge would pay Mr. Elliott commissions and bilaterally agreed verbally in about June 2007 that Adknowledge would pay Mr. Elliott commissions of 2.5% of all revenue from accounts which Mr. Elliott had sold in the past or which had been assigned to him or which he would sell in the future.

39.     Mr. Elliott substantially performed his obligations under his written and oral employment agreement.

40.     Defendants Adknowledge, Inc. and DOES 1 through 10, and each of them, breached their written and oral employment agreement with Mr. Elliott beginning in April 2008 and continuing until the date of Mr. Elliott's termination by failing to pay Mr. Elliott his commissions of 2.5% of all revenue from accounts which Mr. Elliott sold or which he had been assigned before April 1, 2008, and on which he completed his work regarding those sales.

41.     Defendants Adknowledge, Inc. and DOES 1 through 10, and each of them, breached their written and oral employment agreement with Mr. Elliott beginning in April 2008 and continuing until the date of Mr. Elliott's termination by failing to pay Mr. Elliott his commissions of 2.5% of all revenue from accounts which Mr. Elliott sold or which he had been assigned on or after April 1, 2008, and on which he completed his work regarding those sales.

///

1       42.   Defendants Adknowledge, Inc. and DOES 1 through 10, and each of

2  them, breached their written and oral employment agreement with Mr. Elliott

3  beginning on about the date of Mr. Elliott's termination by failing to pay Mr.

4  Elliott his commissions of 2.5% of all revenue received after Mr. Elliott's

5  termination from accounts which Mr. Elliott sold or which he had been assigned

6  and to which he made sales before April 1, 2008, and on which he completed his

7  work regarding those sales.

8       43.   Defendants Adknowledge, Inc. and DOES 1 through 10, and each of

9  them, breached their written and oral employment agreement with Mr. Elliott

10  beginning on about the date of Mr. Elliott's termination by failing to pay Mr.

11  Elliott his commissions of 2.5% of all revenue received after Mr. Elliott's

12  termination from accounts which Mr. Elliott sold or which he had been assigned

13  and to which he made sales on or after April 1, 2008, and on which he

14  completed his work regarding those sales.

15       44.   As a legal result of the breach of contract by these defendants, and

16  each of them,  Mr. Elliott has been damaged by not being paid the commissions

17  to which he was entitled by contract.   The total sum of such losses exceed the

18  minimal jurisdictional limits of this court.   Plaintiff will seek leave to amend this

19  complaint to state the amount, or will proceed according to proof at trial.

20       45.   As a legal result of the breach of contract by defendants

21  Adknowledge and Does 1 through 10, Mr. Elliott has also lost, and will in the

22  future continue to lose, the amounts he could have earned in interest or

23  investment returns from his compensation.  Plaintiff will seek leave to amend

24  this complaint to state the amount, or will proceed according to proof at trial.

25  ///

26  ///

27  ///

28  ///

## SECOND CAUSE OF ACTION

### Breach of the Covenant of Good Faith and Fair Dealing

As a second, separate and distinct cause of action, plaintiff Mark Elliott complains against defendants Adknowledge, Inc. and DOES 1 through 10, and each of them, and for a cause of action alleges:

46.    Plaintiff hereby incorporates by reference Paragraphs 1 through 45, inclusive, as though set forth here in full.

47.    Mr. Elliott's employment agreement included an implied covenant of good faith and fair dealing which obliged defendants Adknowledge, Inc. and DOES 1 through 10 to treat Mr. Elliott fairly and in good faith, to cooperate with him, and to refrain from doing any act that would prevent Mr. Elliott from performing under the agreement or obtaining the benefits of the agreement.

48.    Defendants Adknowledge, Inc. and DOES 1 through 10, and each of them, breached the covenant of good faith and fair dealing beginning in April 2008 and continuing until the date of Mr. Elliott's termination by failing to pay Mr. Elliott his commissions of 2.5% of all revenue from accounts which Mr. Elliott sold or which he had been assigned before April 1, 2008, and on which he completed his work regarding those sales.

49.    Defendants Adknowledge, Inc. and DOES 1 through 10, and each of them, breached the covenant of good faith and fair dealing beginning in April 2008 and continuing until the date of Mr. Elliott's termination by failing to pay Mr. Elliott his commissions of 2.5% of all revenue from accounts which Mr. Elliott sold or which he had been assigned on or after April 1, 2008, and on which he completed his work regarding those sales.

50.    Defendants Adknowledge, Inc. and DOES 1 through 10, and each of them, breached the covenant of good faith and fair dealing beginning on about the date of Mr. Elliott's termination by failing to pay Mr. Elliott his commissions of 2.5% of all revenue received after Mr. Elliott's termination from accounts

1   which Mr. Elliott sold, or which he had been assigned and to which he made

2   sales, before April 1, 2008, and on which he completed his work regarding those

3   sales.

4       51.     Defendants Adknowledge, Inc. and DOES 1 through 10, and each of

5   them, breached the covenant of good faith and fair dealing beginning on about

6   the date of Mr. Elliott's termination by failing to pay Mr. Elliott his commissions

7   of 2.5% of all revenue received after Mr. Elliott's termination from accounts

8   which Mr. Elliott sold, or which he had been assigned and to which he made

9   sales, on or after April 1, 2008, and on which he completed his work regarding

10  those sales.

11      52.     Defendants Adknowledge, Inc. and DOES 1 through 10, and each of

12  them, breached the covenant of good faith and fair dealing by discharging

13  plaintiff Mark Elliott in an attempt to prevent him from obtaining one of the

14  benefits of their written and oral contract with Mr. Elliott: his 2.5% commissions.

15      53.     As a legal result of the breach of the covenant of good faith and fair

16  dealing by these defendants, and each of them, Mr. Elliott has been damaged by

17  not being paid the commissions to which he was entitled by contract.   The total

18  sum of such losses exceed the minimal jurisdictional limits of this court.

19  Plaintiff will seek leave to amend this complaint to state the amount, or will

20  proceed according to proof at trial.

21      54.     As a legal result of the breach of the covenant of good faith and fair

22  dealing by these defendants, and each of them, Mr. Elliott has been damaged by

23  losing the salary and commissions to which he would have been entitled but for

24  his discharge.  The total sum of such losses exceed the minimal jurisdictional

25  limits of this court.   Plaintiff will seek leave to amend this complaint to state the

26  amount, or will proceed according to proof at trial.

27      55.     As a legal result of the breach of the covenant of good faith and fair

28  dealing by these defendants, and each of them, Mr. Elliott has also lost, and will

1  in the future continue to lose, the amounts he could have earned in interest or

2  investment returns from his compensation. Plaintiff will seek leave to amend

3  this complaint to state the amount, or will proceed according to proof at trial.

**THIRD CAUSE OF ACTION**

**Violation of California Labor Code §§ 201 et seq.**

6      As a third, separate and distinct cause of action, plaintiff Mark Elliott

7  complains against defendant Adknowledge, Inc. and DOES 1 through 10, and

8  each of them, and for a cause of action alleges:

9      56.    Plaintiff hereby incorporates by reference Paragraphs 1 through 45,

10  inclusive, as though set forth here in full.

11      57.    Defendants Adknowledge, Inc. and DOES 1 through 10, and each of

12  them, violated California Labor Code Section 204 by failing to timely pay Mr.

13  Elliott at least semimonthly (or, alternatively, violated California Labor Code

14  Section 204.2 by failing to timely pay Mr. Elliott at least monthly), beginning in

15  April 2008 and continuing until the date of Mr. Elliott's termination, commissions

16  of 2.5% of all revenue from accounts which Mr. Elliott sold or which he had been

17  assigned before April 1, 2008, and on which he completed his work regarding

18  those sales.

19      58.    Defendants Adknowledge, Inc. and DOES 1 through 10, and each of

20  them, violated California Labor Code Section 204 by failing to timely pay Mr.

21  Elliott at least semimonthly (or, alternatively, violated California Labor Code

22  Section 204.2 by failing to timely pay Mr. Elliott at least monthly), beginning in

23  April 2008 and continuing until the date of Mr. Elliott's termination, commissions

24  of 2.5% of all revenue from accounts which Mr. Elliott sold or which he had been

25  assigned on or after April 1, 2008, and on which he completed his work

26  regarding those sales.

27      59.    Defendants Adknowledge, Inc. and DOES 1 through 10, and each of

28  them, violated California Labor Code Section 201 by failing to timely pay Mr.

1   Elliott, on the same day they terminated him or as soon as reasonably

2   calculable, the accrued but unpaid 2.5% commissions Mr. Elliott had earned from

3   accounts which Mr. Elliott sold or which he had been assigned before April 1,

4   2008, and on which he completed his work regarding those sales.

5        60.    Defendants Adknowledge, Inc. and DOES 1 through 10, and each of

6   them, violated California Labor Code Section 201 by failing to timely pay Mr.

7   Elliott, on the same day they terminated him or as soon as reasonably

8   calculable, the accrued but unpaid 2.5% commissions Mr. Elliott had earned from

9   accounts that Mr. Elliott sold or that he had been assigned on or after April 1,

10  2008, and on which he completed his work regarding those sales.

11       61.    As a legal result of defendants' violation of California Labor Code

12  Sections 201 and 204 or 204.2, Mr. Elliott has been damaged by not being paid

13  the commissions to which he was entitled.   The total sum of such losses exceed

14  the minimal jurisdictional limits of this court.   Plaintiff will seek leave to amend

15  this complaint to state the amount, or will proceed according to proof at trial.

16       62.    These defendants, and each of them, are also liable to Mr. Elliott for

17  30 work days of waiting time penalties pursuant to California Labor Code §203

18  for not paying all of Mr. Elliott's commissions upon termination or as soon

19  thereafter as reasonably calculable.

20       63.    These defendants, and each of them, are also liable to Mr. Elliott

21  pursuant to California Labor Code §218.6 for interest at the rate specified in

22  Section 3289 of the California Civil Code on commissions from the date they

23  were due and payable until the date they are finally paid.

24       64.    These defendants, and each of them, are also liable for reasonable

25  attorneys fees and costs pursuant to California Labor Code §218.5.

26  ///

27  ///

28  ///

## FOURTH CAUSE OF ACTION

### Promissory Fraud

As a fourth, separate and distinct cause of action, plaintiff Mark Elliott complains against defendants Adknowledge, Inc. and DOES 6 through 20, and each of them, and for a cause of action alleges:

65.   Plaintiff hereby incorporates by reference Paragraphs 1 through 36, inclusive, as though set forth here in full.

66.   Starting in about May 2007, defendants Adknowledge, Inc. and DOES 6 through 20, and each of them, through their agent Jason Hinkin, induced Mr. Elliott to remain employed with defendants by telling Mr. Elliott that they were working on getting a more lucrative commission plan for Mr. Elliott (and others) and later, in about June 2007, promising such a commission plan to Mr. Elliott.

67.   To induce Mr. Elliott to stay, Mr. Hinkin said things to Mr. Elliott such as, "I'm going to get you guys more money."

68.   In about June 2007, Mr. Hinkin promised Mr. Elliott during a two-day sales meeting in defendant Adknowledge's corporate offices in Kansas City that Mr. Elliott would be paid commissions of 2.5% of all revenue from accounts that Mr. Elliott had sold in the past or that had been assigned to him, and any additional accounts that Mr. Elliott sold in the future.

69.   At the time defendants Adknowledge, Inc. and DOES 6 through 20, and each of them, made this promise, they lacked the intention to honor it and instead intended that they would pay Mr. Elliott whatever commission percentage they wished, if any commission at all, at their sole discretion.

70.   Mr. Elliott reasonably relied on the promise of 2.5% commissions by remaining employed with defendant Adknowledge, rather than obtaining more lucrative employment elsewhere, and by redoubling his efforts to sell Acknowledge's services.

71.    It was not until about March or April 2008 that Mr. Elliott learned for the first time that defendants Adknowledge, Inc. and DOES 6 through 20, and each of them, had no intention of fully performing their promise to pay him 2.5% commissions.

72.    Beginning in about April 2008, defendant Adknowledge stopped paying Mr. Elliott his 2.5% commissions, paying only half that amount in April 2008 and no commissions at all beginning in May 2008.

73.    As a legal result this promissory fraud by these defendants, Mr. Elliott lost the commissions that he would have received if the promises had been true.    Plaintiff will seek leave to amend this complaint to state the amount of these damages or will proceed according to proof at trial.

74.    As a legal result this promissory fraud by these defendants, Mr. Elliott lost the higher amount of compensation that he could have earned elsewhere if he had not relied on the false promises by these defendants by remaining employed at Adknowledge.

75.    As a legal result this promissory fraud by these defendants, these defendants were unjustly enriched by retaining, rather than paying to plaintiff, the 2.5% commissions defendants had falsely promised to plaintiff.

76.    Plaintiff Mark Elliott suffered substantial emotional distress as a legal result of the false promises by these defendants, and each of them, and continues to suffer substantial mental distress.    Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

77.    Defendants Adknowledge, Inc. and DOES 6 through 20, and each of them, acted oppressively, fraudulently, and maliciously, in willful and conscious disregard of the rights of plaintiff Mr. Elliott, and with the intention of causing or in reckless disregard of the probability of causing him injury and emotional distress.

///

- 15-
Complaint For Damages

1  78. Defendants Adknowledge, Inc. and DOES 6 through 20, and each of

2 them, were informed of the oppressive, fraudulent and malicious conduct of their

3 employees, agents and subordinates, and ratified, approved, and authorized that

4 conduct.

5         **FIFTH CAUSE OF ACTION**

6     **Discharge and Retaliation for Opposing**
      **Failure to Pay Wages Earned**
7

8   As a fifth, separate and distinct cause of action, plaintiff Mark Elliott

9 complains against defendants Adknowledge, Inc. and DOES 9, 10, and 19-25,

10 and each of them, and for a cause of action alleges:

11  79. Plaintiff hereby incorporates by reference Paragraphs 1 through 45,

12 inclusive, as though set forth here in full.

13  80. Defendants Adknowledge, Inc. and DOES 9, 10, and 19-25, and

14 each of them, discharged and otherwise retaliated against plaintiff Mark Elliott

15 because of Mr. Elliott's opposition to defendants' proposal to stop paying Mr.

16 Elliott commissions to which he was entitled, because of Mr. Elliott's opposition

17 to defendants' failure to pay him commissions he had earned and to which he

18 was lawfully entitled, and because of Mr. Elliott's opposition to defendants'

19 failure to timely pay him those commissions as required by California Labor Code

20 §204 or §204.4.

21  81. As a legal result of this retaliation, plaintiff Mark Elliott suffered and

22 continues to suffer substantial losses in earnings and other employee benefits.

23 Plaintiff will seek leave to amend this complaint to state the amount or will

24 proceed according to proof at trial.

25  82. Plaintiff Mark Elliott suffered substantial emotional distress as a legal

26 result of this retaliation, and continues to suffer substantial mental distress as a

27 legal result. Plaintiff will seek leave to amend this complaint to state the

28 amount or will proceed according to proof at trial.

1      83.    Defendants, and each of them, acted oppressively, fraudulently, and

2  maliciously, in willful and conscious disregard of the rights of plaintiff Mark

3  Elliott, and with the intention of causing or in reckless disregard of the

4  probability of causing him injury and emotional distress.

5      84.    Defendants were informed of the oppressive, fraudulent and

6  malicious conduct of their employees, agents and subordinates, and ratified,

7  approved, and authorized that conduct.

8  **SIXTH CAUSE OF ACTION**

9  **Discharge Because of Age in Violation of the**
**Fair Employment and Housing Act**

10

11      As a sixth, separate and distinct cause of action, plaintiff Mark Elliott

12  complains against defendant Adknowledge, Inc. and DOES 3, 4, 9, 18, and 23

13  through 30, and each of them, and for a cause of action alleges:

14      85.    Plaintiff hereby incorporates by reference Paragraphs 1 through 36,

15  inclusive, as though set forth here in full.

16      86.    Defendants Adknowledge, Inc. and DOES 3, 4, 9, 18, and 23

17  through 30, and each of them, are employers in the State of California, as

18  defined in the California Fair Employment and Housing Act ("FEHA").

19      87.    Mark Elliott was one of the only Adknowledge Account Executives

20  who was older than 40.  The overwhelming majority of Adknowledge's Account

21  Executives were in their 20s or early 30s.

22      88.    Mark Elliott was over 40 years old at the time of his discharge.

23      89.    Defendants Adknowledge, Inc. and DOES 3, 4, 9, 18, and 23

24  through 30, and each of them, discharged Mark Elliott because of his age.

25      90.    Plaintiff is informed and believes that his discharge was part of a

26  pattern and practice of discrimination by these defendants against employees, or

27  particularly against Account Executives, who were over 40 years of age.

28  ///

91.   After his termination, Mr. Elliott's work was performed by substantially younger employees.

92.   On about October 22, 2009, plaintiff filed a complaint of age discrimination with the California Department of Fair Employment and Housing. On about October 22, 2009, the California Department of Fair Employment and Housing issued Mr. Elliott a right to sue letter. Plaintiff properly exhausted his administrative remedies.

93.   As a legal result of his discharge in violation of the Fair Employment and Housing Act, plaintiff suffers and continues to suffer substantial losses in earnings and other employee benefits. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

94.   Plaintiff suffered and continues to suffer substantial emotional distress as a legal result of his discharge in violation of the Fair Employment and Housing Act. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

95.   Defendants Adknowledge, Inc. and DOES 3, 4, 9, 18, and 23 through 30, and each of them, acted oppressively, fraudulently, and maliciously, in willful and conscious disregard of the rights of plaintiff Mark Elliott, and with the intention of causing or in reckless disregard of the probability of causing injury and emotional distress to him.

96.   These defendants were informed of the oppressive, fraudulent and malicious conduct of their employees, agents and subordinates, and ratified, approved, and authorized that conduct.

97.   Plaintiff and/or his counsel are entitled to an award of reasonable attorneys fees pursuant to the California Fair Employment and Housing Act and other statutory authority.

///

///

**PRAYER**

Wherefore plaintiff Mark Elliott prays for judgment against defendants, and each of them, as follows:

1.    For a money judgment representing compensatory damages for commissions due to plaintiff;

2.    For interest at the rate specified in California Civil Code §3289 pursuant to California Labor Code §218.6;

3.    For waiting time penalties pursuant to California Labor Code §203;

4.    For a money judgment representing compensatory damages for amounts plaintiff would have earned but for his discharge, including wages (including commissions), employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

5.    For a money judgment representing compensatory damages for amounts plaintiff would have earned at other employment (including employee benefits and all other sums of money) but for the promissory fraud committed against him, together with interest on these amounts, according to proof;

6.    For a money judgment for emotional distress, according to proof;

7.    For an award of punitive damages, according to proof;

8.    For prejudgment and post-judgment interest;

9.    For attorney fees pursuant to California Code of Civil Procedure §1021.5, California Government Code §12965(b), California Labor Code §218.5 and any other appropriate legal authority;

10.   For costs of suit; and

11.   For any other relief that is just and proper.

Dated:  March 8, 2010

LAW OFFICES OF PHIL HOROWITZ

by _____

Phil Horowitz
Attorneys for Plaintiff
Mark Elliott

1

**JURY TRIAL DEMANDED**

2

3          Plaintiff demands trial by jury of all issues, except for attorneys' fees and

4    costs.

5    Dated:   March 8, 2010                    LAW OFFICES OF PHIL HOROWITZ

6                                    by    _____
7                                          Phil Horowitz
                                           Attorneys for Plaintiff
8                                          Mark Elliott

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NUMBER: CGC-10-  J7562  MARK ELLIOTT VS. ADKNO...LEDGE, INC. et al

## <u>NOTICE TO PLAINTIFF</u>

A Case Management Conference is set for:

**DATE:** AUG-06-2010

**TIME:** 9:00AM

**PLACE:** Department 212
400 McAllister Street
San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.

---

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

---

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### <u>ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS</u>

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

**Exhibit "B" to**
**Declaration of Rodney B. Sorensen**
**in Support of Petition and Notice of Removal**

Rodney B. Sorensen, Bar No. 196926
Leila Narvid, Bar No. 229402
PAYNE & FEARS LLP
Attorneys at Law
One Embarcadero Center, Suite 2300
San Francisco, CA 94111
Telephone: (415) 398-7860
Facsimile: (415) 398-7863
E-Mail: *rbs@paynefears.com*
E-Mail: *ln@paynefears.com*

Attorneys for Defendant
ADKNOWLEDGE, INC.

**ENDORSED**
**F I L E D**
Superior Court of California
County of San Francisco

APR 0 7 2010

**CLERK OF THE COURT**
By: **MICHAEL RAYRAY**
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

**UNLIMITED JURISDICTION**

MARK ELLIOTT,

        Plaintiff,

    v.

ADKNOWLEDGE, INC., a Delaware
corporation; and DOES 1 through 50, inclusive,

        Defendants.

CASE NO. CGC-10-497562

**ANSWER OF DEFENDANT
ADKNOWLEDGE, INC. TO
PLAINTIFF'S UNVERIFIED
COMPLAINT FOR DAMAGES**

Date Action Filed:  March 8, 2010
Trial Date:             None set.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

## <u>GENERAL DENIAL</u>

Defendant ADKNOWLEDGE, INC. ("Defendant") denies, generally and specifically, each and every allegation contained in the unverified Complaint for Damages ("the Complaint") filed herein by Plaintiff MARK ELLIOTT ("Plaintiff"). Defendant further denies, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on the part of Defendant or on the part of any agent or employee of Defendant, or any of them.

## <u>AFFIRMATIVE DEFENSES</u>

## <u>FIRST AFFIRMATIVE DEFENSE</u>

### **(Failure to State a Claim)**

1.    The Complaint, and each alleged cause of action therein, fails to state sufficient facts to constitute a claim upon which relief may be granted against Defendant.



**EXHIBIT B**

-1-

ANSWER OF ADKNOWLEDGE, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

## SECOND AFFIRMATIVE DEFENSE

### (Legitimate Business Reason)

2.      The Complaint, and each alleged cause of action therein, is barred, in whole or in part, because each employment action of which Plaintiff complains, if it occurred at all, was taken for legitimate business reasons that did not violate public policy or any statutory prohibition.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

3.      The Complaint, and each alleged cause of action therein, is barred, in whole or in part, by the applicable statutes of limitation, including but not limited to Code of Civil Procedure sections 338, 339, 340, and 343; Labor Code section 203 and California Government Code section 12965.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

4.      The Complaint, and each alleged cause of action therein, is barred, in whole or in part, by Plaintiff's failure to mitigate damages as required by law.

## FIFTH AFFIRMATIVE DEFENSE

### (Uncertainty)

5.      Plaintiff's losses, if any, are speculative and uncertain or both, and therefore not compensable.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

6.      Plaintiff's Complaint, and each cause of action alleged therein, is barred because Plaintiff is estopped from asserting each of the claims alleged therein.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7.      Plaintiff's Complaint, and each cause of action alleged therein, is barred because Plaintiff has waived the right, by reason of their conduct and actions, to assert each of the claims alleged herein.

-2-

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8.      Plaintiff's Complaint, and each cause of action alleged therein, is barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Meeting of the Minds)

9.      Plaintiff's contract causes of action are barred because there was no meeting of the minds as to the essential terms of the contract that Plaintiff alleges Defendant breached.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Perform Conditions Precedent)

10.      Defendant is informed and believes, and thereon alleges, that Plaintiff failed to perform conditions precedent to the formation and/or enforcement of any contract alleged by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Insufficient Facts for Punitive Damages)

11.      Plaintiff is not entitled to recover punitive or exemplary damages herein because Plaintiff has failed to allege facts sufficient to state a claim for punitive or exemplary damages or to show that Defendant was guilty of oppression, fraud or malice.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction)

12.      To the extent Plaintiff made allegations or claims that were not made the subject of a timely complaint against Defendant filed by or on behalf of Plaintiff with the California Department of Fair Employment and Housing ("DFEH") and/or the Equal Employment Opportunity Commission ("EEOC"), the Court lacks jurisdiction with respect to any such allegations or claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Decision Based on Legitimate Non-Discriminatory and Non-Retaliatory Reasons)

13.      Plaintiff's Complaint is barred on the grounds that any decisions made by

ANSWER OF ADKNOWLEDGE, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

1  Defendant with respect to Plaintiff's employment were reasonably based on legitimate, non-

2  discriminatory and non-retaliatory reasons.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Punitive Damages Unconstitutional in this Action)

14.    Plaintiff is not entitled to recover any punitive or exemplary damages as prayed for in the Complaint on the grounds that any award of punitive or exemplary damages under California law in general and/or any such award under California law as applied to the facts of this specific action would violate Defendant's constitutional rights under provisions of the United States and California Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Additional Defenses)

15.    Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unstated affirmative defenses. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses are appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1.    That judgment be entered in favor of Defendant and against Plaintiff;

2.    That the Complaint herein be dismissed in its entirety with prejudice;

3.    That Defendant be awarded its costs of suit herein;

4.    That Defendant be awarded reasonable attorneys' fees as determined by the Court, including attorneys' fees pursuant to Labor Code section 2860; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

ANSWER OF ADKNOWLEDGE, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

1      5.      For such other and further relief as the Court may deem just and proper.

2   DATED: April 7, 2010        PAYNE & FEARS LLP

3

4                       By: _____

5                               RODNEY B. SORENSEN

6                    Attorneys for Defendant
                      ADKNOWLEDGE, INC.

7   4836-6314-6245.1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

ANSWER OF ADKNOWLEDGE, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

**PAYNE & FEARS LLP**
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

1

## PROOF OF SERVICE

2

*Mark Elliott v. AdKnowledge, Inc.*

3

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

4
5

    I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is One Embarcadero Center, Suite 2300, San Francisco, CA 94111.

6

    On April 7, 2010, I served the following document(s) described as

7

**ANSWER OF DEFENDANT ADKNOWLEDGE, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES**

8
9

on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

10
11
12
13

Phil Horowitz
Moira McQuaid
Law Offices of Phil Horowitz
One Market Plaza
Steuart Tower, Suite 2630
San Francisco, CA 94105
Telephone: (415) 391-0111
Fax: (415) 391-0123

Attorneys For Plaintiff
Mark Elliott

14

15
16
17

☒ **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at San Francisco, California.

18
19

☐ **(By Personal Service)** I caused to be delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

20
21

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

22
23

☐ **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

24

☐ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

25
26

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 7, 2010, at San Francisco, California.

27

*Bliss Birchett*
Bliss Birchett

28

ANSWER OF DEFENDANT ADKNOWLEDGE, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

**Exhibit "C" to**
**Declaration of Rodney B. Sorensen**
**in Support of Petition and Notice of Removal**

Rodney B. Sorensen, Bar No. 196926
Leila Narvid, Bar No. 229402
PAYNE & FEARS LLP
Attorneys at Law
One Embarcadero Center, Suite 2300
San Francisco, CA 94111
Telephone: (415) 398-7860
Facsimile: (415) 398-7863
E-Mail: *rbs@paynefears.com*
E-Mail: *ln@paynefears.com*

Attorneys for Defendant
ADKNOWLEDGE, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

**UNLIMITED JURISDICTION**

| | |
|---|---|
| MARK ELLIOTT, | CASE NO. CGC-10-497562 |
| Plaintiff, | **NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT** |
| v. | |
| ADKNOWLEDGE, INC., a Delaware corporation; and DOES 1 through 50, inclusive, | Date Action Filed: March 8, 2010 <br> Trial Date: None set. |
| Defendants. | |

TO PLAINTIFF MARK ELLIOTT AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that a Petition and Notice of Removal of this action was filed in

the United States District Court for the Northern District of California on April 8, 2010. Attached

hereto as Exhibit "A" is a copy of the Petition and Notice of Removal, the filing of which effects

the removal of this action to the United States District Court.


DATED: April _7_, 2010          PAYNE & FEARS LLP


By: _____
                    RODNEY B. SORENSEN

                    Attorneys for Defendant
                    ADKNOWLEDGE, INC.

4844-6399-5141.1

**EXHIBIT C**

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO THE U.S. DISTRICT COURT

PAYNE & FEARS LLP <br> ATTORNEYS AT LAW <br> ONE EMBARCADERO CENTER, SUITE 2300 <br> SAN FRANCISCO, CA 94111 <br> (415) 398-7860

**Exhibit "D" to**
**Declaration of Rodney B. Sorensen**
**in Support of Petition and Notice of Removal**

1  Rodney B. Sorensen, Bar No. 196926
   Leila Narvid, Bar No. 229402
2  PAYNE & FEARS LLP
   Attorneys at Law
3  One Embarcadero Center, Suite 2300
   San Francisco, CA 94111
4  Telephone: (415) 398-7860
   Facsimile: (415) 398-7863
5  E-Mail: *rbs@paynefears.com*
   E-Mail: *ln@paynefears.com*
6
   Attorneys for Defendant
7  ADKNOWLEDGE, INC.

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **COUNTY OF SAN FRANCISCO**

10                    **UNLIMITED JURISDICTION**

11  MARK ELLIOTT,                          CASE NO. CGC-10-497562

12          Plaintiff,                     **NOTICE TO SUPERIOR COURT
                                           CLERK OF REMOVAL OF CIVIL
13      v.                                 ACTION TO THE UNITED STATES
                                           DISTRICT COURT FOR THE
14  ADKNOWLEDGE, INC., a Delaware          NORTHERN DISTRICT OF
    corporation; and DOES 1 through 50, inclusive,  CALIFORNIA
15
            Defendants.                     Date Action Filed:  March 8, 2010
16                                          Trial Date:         None set.

17

18

19          TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF SAN

20  FRANCISCO:

21          Attached hereto as Exhibit "A" is a true and correct copy of the Petition and Notice of

22  Removal of the above-entitled action, the original of which was filed with the United States

23  District Court for the Northern District of California on April 8, 2010.

24  / / /

25  / / /

26  / / /

27  / / /                                  **EXHIBIT D**

28

---
NOTICE TO SUPERIOR COURT CLERK OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

1    The filing of said Petition and Notice of Removal effects the removal of the above-entitled

2    action from this Court.

3    DATED:  April  7 , 2010              PAYNE & FEARS LLP

4

5                                        By: _____
                                              RODNEY B. SORENSEN
6

7                                        Attorneys for Defendant
                                         ADKNOWLEDGE, INC.

4810-5874-4581.1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

-2-